# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOSA, | CASE NO. 1:10-cv-1494-OWW-SKO |
| Plaintiff, | **ORDER FOR SUPPLEMENTAL STATEMENT** |
| v. | |
| BRIDGE STORE INC. dba BRIDGE STORE, et al., | |
| Defendants. / | |

On January 31, 2011, Defendants Bridge Store Inc. dba Bridge Store and Nishimoto Company, Inc. ("Defendants") filed a motion requesting that the Court set aside the Clerk's entry of their defaults pursuant to Federal Rule of Civil Procedure 55(c). (Doc. 14.) Defendants assert that they failed to timely respond to the complaint because Defendants' counsel mistakenly understood that Plaintiff Sosa would be amending his complaint and re-serving it. (Doc. 14, 1:28-29.)

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default for "good cause shown." Fed. R. Civ. P. 55(c). The "good cause" showing required under Rule 55(c) is the same standard that applies to vacating a default judgment under Rule 60(b). *Franchise Holding II, LLC v. Huntington Rest. Group, Inc.*, 375 F.2d 922, 925-26 (9th Cir. 2004); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Courts consider whether good cause exists

to set aside a default by examining the following factors: (1) whether defendants engaged in culpable conduct that led to the default; (2) whether the defendants have a meritorious defense; or (3) whether reopening the default would prejudice the plaintiff. *Knoebber*, 244 F.3d at 696. If the court finds that defendants are culpable for the default, or that defendants have no meritorious defense, or that setting aside the default would be prejudicial to the plaintiff, the court may deny the motion. In considering whether to grant or deny a motion to set aside an entry default, the district court has "especially broad" discretion. *United States v. Brady*, 211 F.3d 499, 504 (9th Cir. 2000); *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

With regard to whether the defendant has a meritorious defense, the defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. *Knoebber*, 244 F.3d at 696. This burden, however, is not "extraordinarily heavy," as a movant must only show that a sufficient defense is assertable. *Id.* at 700. However, a mere general denial without facts to support it is insufficient to justify vacating an entry of default. *Franchise Holdings II*, 375 F.3d at 926.

Here, Defendants stated in their notice of motion to set aside the default judgment that they "have a good and meritorious defense to the claims for relief as alleged in the complaint." (Doc. 14, p. 2.) Defendants did not, however, explain or provide any facts indicating the nature of this meritorious defense. Defendants filed a proposed amended complaint, but this provides only general denials to the allegations in the complaint. (Doc. 14-3.) Further, the only "affirmative defense" presented in the proposed amended complaint – that Plaintiff failed to state a claim upon which relief can be granted – is not supported by any facts. While the burden to show a meritorious defense is not "extraordinarily heavy," there must be some facts stated that articulate the nature of the meritorious defense asserted. To properly consider Defendants' motion, the Court orders Defendants to file a supplemental statement addressing whether they have a meritorious defense and the nature of the defense.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants shall file a supplemental statement regarding their asserted meritorious defense in support of their motion to set aside the clerks' entry of default on or before

2

    March 16, 2011; and

  2.  Plaintiff may file an optional statement in response to Defendants' statement on or before March 24, 2011.

IT IS SO ORDERED.

**Dated:** **March 9, 2011**        /s/ Sheila K. Oberto
                   UNITED STATES MAGISTRATE JUDGE