# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOSA, | **CASE NO. 1:10-cv-01494-OWW-SKO** |
| Plaintiff, | **RELATED CASE: 1:10-cv-01577-OWW-SKO** |
| v. | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO SET ASIDE ENTRIES OF DEFAULT BE GRANTED** |
| BRIDGE STORE, INC., dba BRIDGE STORE, et al, | |
| | (Docket No. 14) |
| Defendants. | **OBJECTIONS DUE: 15 DAYS** |
| _____/ | |

## I. INTRODUCTION

On August 19, 2010, Plaintiff Jesus Sosa ("Plaintiff") filed a complaint against Defendants Bridge Store Inc., dba Bridge Store, and Nishimoto Company, Inc. (collectively "Defendants") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), the California Disabled Persons Act, the Unruh Civil Rights Act, and the California Health and Safety Code. (Doc. 2.) The gravamen of the complaint is that the building and facilities in which Bridge Store operates do not adequately accommodate persons with disabilities.

Executed summonses were filed on September 23, 2010, indicating that Defendants were served with a copy of the complaint and the summons on September 14, 2010, through substitute service. (Docs. 7, 8.) A response to the complaint was due on or before October 5, 2010. Defendants did not respond to the complaint, and Plaintiff requested entries of default on November

17, 2010. (Docs. 7, 8.) The Clerk of the Court entered Defendants' defaults on November 17, 2010 (Docs. 11,12.) On January 31, 2011, Defendants filed a motion to set aside the entries of default.

As a procedural matter, the Court notes that Plaintiff filed four similar complaints against various defendants, who are all represented by Steven A. Geringer. These four actions include: (1) 1:10-cv-1577-OWW-SKO, (2) 1:10-cv-1494-OWW-SKO, (3) 1:10-cv-01446-LJO-GSA,[1] and (4) 1:10-cv-1454-OWW-MJS. Defaults were entered against all the defendants in these actions, and Mr. Geringer has filed motions to set aside the defaults in each case.

## II. DISCUSSION

**A.    Legal Standard**

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, the court must consider the following three factors: (1) whether the party seeking default engaged in culpable conduct that led to the default; (2) whether the party seeking default has no meritorious defense; or (3) whether reopening the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* (*"Mesle"*), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). This is the same standard used for determining whether a default judgment should be set aside under Rule 60(b). *Id.* The good cause test is disjunctive, "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* In considering these good cause factors, the Ninth Circuit instructs that the court is to be guided by the underlying policy objective that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

**2.    Analysis**

**a.    Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber* (*"TCI*

---

[1] In case number 1:10-cv-01446-LJO-GSA, Magistrate Judge Austin issued findings and recommendations that the defendants' defaults be set aside, which were adopted by District Judge O'Neill on March 14, 2011.

2

*Group"*), 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original).  A neglectful failure to answer where the defendant offers a credible, good faith explanation "negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases . . . . " *Id; Mesle*, 615 F.3d at 1092 ("movant cannot be treated as culpable simply for having made a conscious choice not to answer").

Defendants' counsel asserts that, while he was aware that the complaint was served upon his clients, the service of process was deficient.  He states that he informed Plaintiff's counsel of the deficiencies prior to the due date for filing an answer, and he understood that Plaintiff would be filing and serving an amended complaint. (Doc. 14-1, 1-2.) Instead of filing an amended complaint, however, Plaintiff filed a request for entry of default. (Doc. 14-1, 1.)

Plaintiff's counsel disputes that there was any understanding that Plaintiff was going to amend the complaint or that service was improper.  Plaintiff presents, among other documents, a November 3, 2010, correspondence to Defendants' counsel wherein Plaintiff's counsel informed Defendants' counsel that entries of default would be requested if no responsive pleading was filed or a settlement was not reached before November 15, 2010. (Doc. 17-5.) Given this clarifying correspondence, Plaintiff asserts that "[n]o mistake was made; Defendants willfully chose not to file a responsive pleading." (Doc. 17, 3:26-27.)

Even after the default was entered, Defendants' counsel waited over two months to file a motion to set aside.  However, despite Defendants' counsel's apparent slow reaction to what he characterizes as a misunderstanding regarding amendment and reservice of the complaint, there are not any other facts that persuade the Court that his delay was specifically calculated to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.  *TCI Group*, 244 F. 3d at 697.  "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092-93 (citing *TCI Group*, 244 F.3d at 696-97).

Moreover, the Ninth Circuit has specifically instructed that the good cause standards must be considered in light of the policy objective that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). As set forth, *infra*, the Court does not find that either of the other good cause factors weighs in favor of denial of the motion. Thus, the Court declines to find that Defendants' counsel's misunderstanding that the complaint would be reserved and amended, coupled with his slow reaction to entry of his clients' defaults, amounts to culpable conduct weighing in favor of a refusal to set aside the entries of default.

      **b.**    **Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).

Defendants provide a supplemental statement regarding the nature of their meritorious defenses. Defendants assert that the buildings that are the subject of Plaintiff's ADA cause of action were constructed prior to January 1992. (Doc. 21, ¶ 1.) Defendants also contend that any architectural barriers in these buildings that were readily removable have been removed. (*Id.*, ¶ 2.) Defendants argue that they have made reasonable modifications in policies, practices, and procedures to accommodate persons with disabilities prior to the date Plaintiff filed his complaint. (*Id.*, ¶ 3.) Defendants also assert that the buildings and facilities identified in Plaintiff's complaint do "not come under the provisions of [California] Health and Safety Code section 19959." (*Id.*, ¶ 6.)

Plaintiff was given an opportunity to reply to Defendants' supplemental statement. Plaintiff asserts that Defendants' claimed meritorious defenses are simply general denials; moreover, none of the defenses is legally adequate. (Doc. 22, 3-5.) Despite Plaintiff's arguments, however, Defendants have alleged that the buildings at issue were built prior to 1992; therefore, Defendants assert that the accommodation required is limited to the removal of readily removable barriers, and

4

that all readily removable barriers have been removed. (Doc. 21, ¶ 2.) Thus, Defendants essentially assert that there is no further accommodation necessary. Plaintiff avers that this defense has not been raised in Defendants' proposed answer, and it must be pled as an affirmative defense. (Doc. 22, ¶ 2.)

The burden of showing a meritorious defense is not particularly heavy. *TCI Group*, 244 F.3d at 700. An assertion that readily removal barriers have been removed and that any other barriers that remain are not readily removable is an affirmative defense. There is no requirement that a party seeking to set aside a default must file a proposed answer to set forth a meritorious defense – only that a meritorious defense be presented in a motion to set aside. If Defendants waive their affirmative defense by omitting it in an answer filed in the future, that issue can be addressed later in the litigation. For purposes of this motion, it is sufficient that Defendant has asserted facts which, if true, would be a defense to the action.[2] Defendants have no obligation to prove their contentions to establish a meritorious defense for purposes of being relieved from an entry of default. *Id.* Defendant's factual allegation that all barriers that were readily removable were in fact removed is an allegation that will be tested for truth and accuracy later in the litigation. *Id.*

### c. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Moreover, the plaintiff is not prejudiced simply because he lost a "quick victory due [Defendant's] procedural default and must litigate on the merits." *TCI Group*, 244 F.3d at 701 (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000)). There are no facts indicating that Plaintiff will be prejudiced if the entries of default are set aside. The time this action has been pending is relatively minimal reducing the possibility that evidence will be lost or will become stale.

---

[2] Plaintiff asserts that Defendants did not raise a defense that all readily achievable barriers were removed because Defendants have not asserted what specific barriers still exist that are not subject to readily achievable removal. (Doc. 22, ¶ 2.) For purposes of a motion to set aside an entry of default, the Ninth Circuit has made clear that factual assertions that form the basis of a meritorious defense are sufficient – there is no heightened factual showing required. *TCI Group*, 244 F.3d at 700. The Court finds that Defendants have presented a facially meritorious defense to Plaintiff's complaint. *See Melse*, 615 F.3d at 1089 ("Our rules for determining when a default should be set aside are solicitous towards movants.").

### III.  RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that Defendants' Motion to Set Aside the Entry of Default be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 5, 2011**                                          /s/ Sheila K. Oberto
                                                                                UNITED STATES MAGISTRATE JUDGE